```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
605 FIFTH PROPERTY OWNER, LLC,                         :
                                                       :
                            Plaintiff,                 :
                                                       :        21-CV-811 (VSB)
            - against -                                :
                                                       :        **OPINION & ORDER**
                                                       :
ABASIC, S.L.,                                          :
                                                       :
                            Defendant.                 :
                                                       :
-------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/30/2021__

Appearances:

Jay B. Solomon
Belkin Burden Wenig & Goldman, LLP
New York, NY
*Counsel for Plaintiff*

Eric Roman
Arent Fox LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Defendant Abasic, S.L. ("Abasic" or "Defendant") moves to stay this breach of guaranty action until a pending appeal regarding the tenant's obligation to pay rent is resolved. Because there are similarities between this action and the appeal, and the appeal could potentially impact the outcome of this action, Defendant's motion to stay is GRANTED.

## I. Factual Background[1]

Plaintiff 605 Fifth Property Owner, LLC ("Plaintiff") owns a building located at 605 Fifth Avenue in New York City ("Building"). (Compl. ¶ 8.)[2] In January 2020, Plaintiff entered into a three-year lease agreement for portions of the Building with NTS W. USA Corporation ("DUSA"), a retailer and wholesale distributer, which was set to begin between April 1, 2020 and May 1, 2020 ("Lease"). (Desmercieres Decl. ¶¶ 4–5; Compl. ¶ 11; Cohen Decl. Ex. A at 7.)[3] The Lease was for a retail store. (Desmercieres Decl. ¶ 5; Compl. ¶ 11.) DUSA's obligation to pay rent under the Lease was guaranteed by Defendant Abasic, S.A. ("Abasic" or "Defendant"), and Abasic executed a guaranty agreement with Plaintiff on January 17, 2020 ("Guaranty"). (Desmercieres Decl. ¶ 7; Compl. ¶ 12.) DUSA is Abasic's wholly-owned subsidiary. (Desmercieres Decl. ¶ 4.) On February 13, 2020, DUSA obtained an irrevocable standby letter of credit from Bank of America in favor of Plaintiff for an amount not exceeding $743,630 that was provided to Plaintiff as a security deposit. (*Id.* ¶ 8.) After the Lease was signed, New York shut down non-essential retail businesses in response to the COVID-19 pandemic and barred construction, which prevented DUSA from opening or operating its planned retail store. (*Id.* ¶¶ 9–10.) DUSA refused to pay the rent, and Plaintiff threatened to seize DUSA's security deposit. (*Id.* ¶ 13.) Defendant has not paid the rent owed by DUSA. (Cohen Decl. ¶ 21.)

On July 22, 2020, DUSA filed for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Case"). (*Id.* ¶ 10.) On

---

[1] This section is based on Plaintiff's complaint, and the materials filed in connection with Defendant's motion to stay. I do not make any findings as to their veracity, but rather assume the assertions within to be true for purposes of this opinion.

[2] "Compl." refers to the complaint filed by Plaintiff on February 1, 2021. (Doc. 1.)

[3] "Desmercieres Decl." refers to the declaration of Yann Desmercieres filed in support of Defendant's motion to stay on March 22, 2021. (Doc. 17.) "Cohen Decl." refers to the declaration of Ness M. Cohen filed in opposition to Defendant's motion to stay on April 6, 2021. (Doc. 22.)

2

July 23, 2020, DUSA filed an adversary proceeding against Plaintiff in the Bankruptcy Case seeking, among other things, a declaratory judgment that the Lease is void, voidable or otherwise unenforceable, and should be terminated, or that rent should be abated due to frustration of purpose or impossibility of performance ("Adversary Proceeding"). (*Id.* ¶ 11.) On July 23, 2020, DUSA filed an application for a temporary restraining order ("TRO") and preliminary injunction ("PI") enjoining Plaintiff from seizing the security deposit. (*Id.* ¶ 11.) The Bankruptcy Court granted DUSA's TRO motion, and held a hearing on DUSA's PI motion. (*Id.* ¶¶ 11–12.) Subsequently, the Bankruptcy Court rejected DUSA's arguments regarding impossibility of performance and frustration of purpose when evaluating the likelihood of DUSA's success on the merits. (*Id.* ¶¶ 12–14; *see* Case No. 20-09035-cgm, Doc. 26 at 29–33 (Bankr. S.D.N.Y. 2020)). On August 13, 2020, DUSA and Plaintiff requested by stipulation that the Bankruptcy Court enter final judgment based on its August 11, 2020 ruling on DUSA's PI motion under Rule 65 of the Federal Rules of Civil Procedure. (*See* Case No. 20-09035-cgm, Doc. 27; Cohen Decl. ¶ 18.) On August 14, 2020, the Bankruptcy Court granted the request, and entered a final judgment that dismissed a majority of DUSA's claims, including those premised on impossibility of performance and frustration of purpose. (Case No. 20-09035-cgm, Doc. 27.)

DUSA filed a notice of appeal concerning the Bankruptcy Court's dismissal of its claims (the "Appeal") to the United States District Court for the Southern District of New York on August 17, 2020. (Cohen Decl. ¶ 19; Case No. 20-09035-cgm, Doc. 28.) The Appeal was assigned to Judge Cathy Seibel. (*See* Case No. 20-cv-6692-CS.) On September 18, 2020, DUSA filed its opening brief, which challenges the Bankruptcy Court's denial of DUSA's claim that rent due under the lease should be abated or deferred due to frustration of purpose or impossibility of performance. (*Id.*, Doc. 19 at 16–26.) Plaintiff filed its response on October 19,

3

2020, which asserts, in part, that DUSA waived its rights to appeal the final judgment by voluntarily stipulating to the judgment, and that its claims of frustration of purpose and impossibility are baseless.[4]  (*Id.*, Doc. 20 at 3–4.)  DUSA filed a reply on November 2, 2020, (*id.* at Doc. 21), and the Appeal remains pending.[5]

## II. Procedural History

On February 1, 2021, Plaintiff filed this action alleging that Defendant breached the Guaranty by failing to pay the rent that is owed.  (*See generally* Compl.)  Plaintiff seeks all base rent and additional rent due and payable, which at the time of the complaint totaled $551,609.85, as well as attorney's fees.  (*Id.* ¶¶ 34–50.)  Defendant answered on March 9, 2021, and asserted numerous affirmative defenses including impossibility or impracticability of performance and frustration of purpose.  (Doc. 13 ¶¶ 52–53.)

On March 22, 2021, Defendant filed a motion requesting to stay this action pending the outcome of the Appeal.  (Docs. 16–18.)  On April 6, 2021, Plaintiff filed a motion opposing the request to stay, (Docs. 22–23), and Defendant filed a reply on April 13, 2021, (Doc. 24.)

## III. Legal Standard

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).  The Second Circuit has recognized that "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid

---

[4] I do not resolve the issue of whether DUSA waived its right to appeal by stipulating to the judgment because that issue is pending before Judge Seibel.

[5] DUSA's Bankruptcy Case was terminated by the entry of a final decree on March 17, 2021.  (*See* Case No. 20-35769, Doc. 176 (Bankr. S.D.N.Y. March 17, 2021).)

4

test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis*, 226 F.3d at 138. In determining how to proceed "the Court should consider the need to 'protect parties from the vexation of concurrent litigation over the same subject matter,'" and fostering judicial economy. *Structured Asset Sales, LLC v. Sheeran*, No. 20-CV-4329 (RA), 2021 WL 1199495, at *7–8 (S.D.N.Y. Mar. 30, 2021) (citing *Curtis*, 226 F.3d at 138). "The decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion." *Id.* at *7.

Additionally, "it is a well-settled principle in this Circuit that 'where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second.'" *Andy Stroud, Inc. v. Brown*, No. 08 Civ. 8246(HB), 2009 WL 539863, at *9 (S.D.N.Y. Mar. 4, 2009) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989)). This is commonly referred to as the prior pending action doctrine. *See id.* at *9–10.

IV. **Discussion**

Defendant argues that the instant action is duplicative of the Appeal, and that there is a substantial likelihood that the outcome of the Appeal will dispose of the claims against Defendant in this action; therefore, this action should be stayed. (Mot. to Stay 6–7.)[6] Defendant explains that "[a]s Guarantor of DUSA's obligations under the Lease, Defendant's liability under the Guaranty depends on, and is co-extensive with, DUSA's liability under the Lease. That is to say, Defendant would only be liable in the present action for whatever rent and additional amounts that DUSA has been found to owe under the Lease and in equity." (*Id.* at 7.) Plaintiff

---

[6] "Mot. to Stay" refers to Defendant's memorandum of law in support of its motion to stay proceedings, filed on March 22, 2021. (Doc. 18.)

5

responds that no prior pending action exists because the Bankruptcy Case and Adversary Proceeding are closed, the current action is not duplicative of the Appeal because each action is predicated on a distinct agreement, and special circumstances weigh against a stay. (Opp. 10–13.)[7] In particular, Plaintiff points to a waiver provision in the Guaranty, and states that "Guarantor's liability under the Guaranty is not affected, limited or terminated even if Tenant ceases to be liable under the Lease, and Guarantor waived the right to claim or raise or assert any defense, counterclaim, set-off or deduction against the obligations of Tenant under the Lease that would or might be available to Tenant, other than actual payment and performance of all of such obligations in full." (*Id.* at 11–12.) Here, I find that Defendant is correct. For the reasons that follow, I find that a stay is appropriate.

First, Plaintiff's argument that no prior pending action exists misses the mark and is unpersuasive. The Appeal stems from the Bankruptcy Case, which was filed before this action, and the Appeal itself was filed before the instant action. (*See* Cohen Decl. ¶¶ 10, 19.) The cases cited by Plaintiff for the proposition that the prior pending case doctrine does not apply to pending appeals do not in fact involve appeals. *See Fido's Fences, Inc. v. Radio Sys. Corp.*, 999 F. Supp. 2d 442, 453 (E.D.N.Y. 2014) (refusing to dismiss on duplication grounds where prior pending case was dismissed with prejudice, and observing that "there is currently only one lawsuit pending before the court and that the threat of duplicative litigation no longer exists"); *Curtis*, 226 F.3d at 139–40 (refusing to dismiss claims in subsequently-filed case that occurred after prior pending district court case was filed). Instead, a court within the Second Circuit has applied the prior pending action doctrine to an appeal. *See Doe ex rel. Doe v. W. Hartford Bd. of*

---

[7] "Opp." Refers to Plaintiff's memorandum of law in opposition to Defendant's motion to stay proceedings, filed on April 6, 20201. (Doc. 23.)

6

*Educ.*, No. CIVA3:99CV765DJSTPS, 2000 WL 557861, at *3–4 (D. Conn. Apr. 3, 2000) (dismissing claims to the extent they alleged issues that were properly before a different judge in the form of a previously-filed appeal).

Second, although this action and the Appeal are not identical, I find that they share material similarities. Both actions stem from DUSA's failure to pay the rent allegedly owed to Plaintiff under the Lease. Both also raise the same defense—that the Lease is void, should be terminated, or that rent should be abated due to the impact of the COVID-19 pandemic on DUSA's intended performance and purpose. As Plaintiff points out, however, this case and the Appeal are not identical. Plaintiff in this action is the same as appellee in the Appeal. Defendant (Abasic) is different than appellant in the Appeal (DUSA)—but, DUSA is Abasic's wholly-owned subsidiary. Additionally, this action is based on Defendant's role as DUSA's guarantor and revolves around the Guaranty agreement. The Appeal concerns DUSA's liability under the Lease it entered into with Plaintiff.

It bears noting that Defendant is not requesting that I dismiss this action, but rather that I stay the action pending the outcome of the Appeal.[8] Recently, another judge in this District held that although dismissal would not be appropriate because "the actions [were] not duplicative as a matter of law. . . . The considerable similarity between the two claims nonetheless counsel[ed] in favor of staying th[e] action pending the resolution of" the earlier filed action. *Sheeran*, 2021 WL 1199495, at *8. I find that a similar remedy is warranted here. Currently, I "cannot

---

[8] Many of the cases cited by Plaintiff in opposition to the motion to stay concern the much harsher remedy of dismissal. *See, e.g.*, *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498 (2d Cir. 2019); *First City National Bank and Trust Co. v. Simmons*, 878 F.2d 76 (2nd Cir. 1989); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654 (S.D.N.Y 1997); *Andy Stroud, Inc.*, 2009 WL 539863, at *9–10. Additionally, given that dismissal is not being sought, Plaintiff's argument that because it could not have asserted a claim against Defendant in the Adversary Proceeding, this action should not be stayed, is similarly unavailing. (*See* Opp. 8–9.) Plaintiff cites to one case that involved the denial of a motion to stay, (*see* Opp. 7–8); however, that case concerned a pending arbitration that might not be given preclusive effect, *see Murray v. UBS Sec., LLC*, No. 14 CIV. 927 KPF, 2015 WL 769586, at *7–8 (S.D.N.Y. Feb. 24, 2015).

accurately predict what preclusive effects [the Appeal] will have on this action." *Id.* I, however, can conclude "that the potential for overlap is substantial." [9] *Id.*

Finally, I find that there are no special circumstances that weigh against a stay. Plaintiff's argument of forum shopping is without merit. (*See* Opp. 13–14.) As Defendant points out, both actions are proceeding in this District. Additionally, the fact that the Bankruptcy Case and Adversary Proceeding were filed more than half a year before the instant action, and that the Appeal was taken five months before the instant action, weighs against any finding that Defendant filed the Appeal as an "improper anticipatory action." *IT Source, LLC v. Yash Technologies, Inc.*, No. 3:07-CV-1140 (PCD), 2007 WL 9753188, at *3 (D. Conn. Dec. 19, 2007). In other words, the Appeal is just the progression of the proceedings in the Bankruptcy Court.

In sum, "to foster judicial economy and to protect the parties from the vexation of concurrent litigation over the same subject matter," I find that a stay of this action is warranted pending the outcome of the Appeal. *Sheeran*, 2021 WL 1199495, at *8 (internal quotation marks omitted).

---

[9] Much of the parties' arguments regarding whether the cases are duplicative involve the construction of the Guaranty, including whether the waiver provision applies and whether even if DUSA wins the Appeal, Defendant would still be liable under the Guaranty. Although I may need to resolve these issues at a later date, I find that for purposes of the motion to stay, resolution of these issues is unnecessary.

## V.     Conclusion

For the foregoing reasons, Defendant's motion to stay is GRANTED.  This action is stayed pending resolution of the Appeal, Case No. 20-cv-6692-CS.  Within a week of the resolution of that case, the parties shall submit a letter providing their respective positions on how, if at all, the decision in that action affects this one.  The Clerk of Court is respectfully directed to terminate the open motion at docket entry 16.

SO ORDERED.

Dated: June 30, 2021
      New York, New York

                                       Vernon S. Broderick
                                       United States District Judge