```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
605 FIFTH PROPERTY OWNER, LLC,           :
                                         :
                    Plaintiff,           :    21cv811 (DLC)
                                         :
           -v-                           :    OPINION AND ORDER
                                         :
ABASIC, S.A.                             :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Jay B. Solomon
Belkin Burden Goldman, LLP
1 Grand Central Plaza
60 E. 42nd Street
Ste 16th Floor
New York, NY 10165

For defendant:
Eric Roman
Devon Austin Rettew
Arent Fox LLP (NY)
1301 Avenue of the Americas
Ste Floor 42
New York, NY 10019

James H. Hulme
Arent Fox LLP
1717 K Street NW
Washington, DC 20036

DENISE COTE, District Judge:

Plaintiff 605 Fifth Property Owner, LLC ("Owner") seeks, as the prevailing party in this litigation, $194,895.87 in attorneys' fees and costs pursuant to a guarantee agreement with

Abasic, S.A. ("Abasic").  For the following reasons, Owner's application for attorneys' fees and costs is largely granted.

## Background

This Court assumes familiarity with its March 8 Opinion and summarizes only the facts necessary to decide this motion.  See 605 Fifth Property Owner, LLC v. Abasic, S.A., No. 21CV00811, 2022 WL 683746 (S.D.N.Y. Mar. 8, 2022).  Owner brought this case to enforce an unconditional guarantee agreement (the "Guarantee") with Abasic, in which Abasic agreed to guarantee its subsidiary's obligations under a commercial lease (the "Lease").  Abasic's subsidiary, NTS W. USA Corp. ("NTS"), had intended to use the leased property to open a retail outlet.  Unfortunately, its plans coincided with the COVID-19 pandemic.  NTS was unable to profitably operate a retail establishment, and after several months, it declared bankruptcy, having made no rental payments.

During bankruptcy proceedings, NTS rejected the Lease, and initiated an adversary proceeding seeking to avoid its obligations under the Lease.  The Bankruptcy Court, however, ruled against NTS in the adversary proceeding, and its ruling was affirmed by the District Court.  See In re NTS W. USA Corp., No. 20CV06692, 2021 WL 4120676 (S.D.N.Y. Sept. 9, 2021).  That

decision is currently on appeal before the Second Circuit.  In re NTS W. USA Corp., No. 21-2240.

On February 1, 2021, Owner brought this action against Abasic to enforce the Guarantee.  On November 12, Abasic moved for summary judgment, arguing that its obligations under the Guarantee had been released as part of NTS's bankruptcy plan.  On November 26, Owner submitted a cross motion for summary judgment on NTS's bankruptcy release defense.  Finally, on January 21, 2022, Owner moved for summary judgment on both of its claims and on Abasic's remaining defenses.  On March 8, this Court denied Abasic's motion for summary judgment, and granted each of Owner's motions.  605 Fifth Property Owner, LLC, 2022 WL 683746, at *6.  Owner was awarded $2,213,009.82 in damages.  Id.

Owner filed its motion for attorneys' fees and costs on March 18, requesting $173,737.32 in attorneys' fees and $15,533.65 in disbursements.  Abasic opposed the motion on April 1.  The motion became fully submitted on April 8.  In its reply, Owner requested an additional $5,624.90 for attorneys' fees incurred since the present motion was filed.

## Discussion

"In the American system of justice, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'"  Fresno Cty. Employees' Ret.

3

Ass'n v. Isaacson/Weaver Fam. Tr., 925 F.3d 63, 67 (2d Cir. 2019) (quoting Alyeska Pipeline Servs. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)).  But "parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law."  U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 74 (2d Cir. 2004) (citation omitted).  "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear."  NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008).

When a prevailing party seeks fee-shifting pursuant to a contract, "the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable."  F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987).  Assessing whether a request for attorneys' fees is reasonable involves use of the "lodestar" method.  Id.

The lodestar method involves "determining a reasonable hourly rate by considering all pertinent factors . . . and then multiplying that rate by the number of hours reasonably expended

4

to determine the presumptively reasonable fee." Lilly v. City of New York, 934 F.3d 222, 230 (2d Cir. 2019).  "A reasonable hourly rate is a rate 'in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'"  McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006) (quoting Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984)).  In order to facilitate this review, "attorneys are required to keep and submit contemporaneous records with their fee applications, absent unusual circumstances outside the attorney's control."  Restivo v. Hessemann, 846 F.3d 547, 591 (2d Cir. 2017).

The Supreme Court has instructed that fee disputes "should not result in a second major litigation."  Fox v. Vice, 563 U.S. 826, 838 (2011) (citation omitted).  This is because "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection."  Id.  As a result, "trial courts may take into account their overall sense of a suit" in assessing fees, "and may use estimates in calculating and allocating an attorney's time."  Id.  Ultimately, a district court has "broad discretion" in "award[ing] attorneys' fees under a valid contractual authorization."  In re Goldstein, 430 F.3d 106, 110 (2d Cir. 2005) (citation omitted).

The Guarantee provides that Abasic "shall reimburse [Owner] for all Legal Cost" incurred in any proceeding or litigation brought to enforce the Guarantee or Lease.  The Guarantee defines the term "Legal Cost" to include "all reasonable costs and expenses incurred by [Owner]" in connection to any proceeding relating to enforcement of the Guarantee or the Lease.  The Guarantee, however, excludes "any such costs in connection with a Proceeding . . . to the extent that [NTS] and/or [Abasic] are the prevailing party therein."

Owner has provided billing records from its attorneys, who have reduced their standard rate by 20% for the purposes of this action.  Owner requests a total of $173,737.32 in attorneys' fees, a sum that includes amounts billed by its own attorneys in connection with this action, costs incurred opposing NTS's appeal of the bankruptcy judgment against it, and the fees of a third-party attorney hired to consult on bankruptcy law.  Owner also requests $15,553.65 in disbursements, consisting of the cost to prepare an expert report, as well as filing, photocopying, postage, and other miscellaneous costs.  Finally, Owner requests an additional $5,624.90 for attorneys' fees incurred preparing its proposed damages judgment and replying to Abasic's opposition to the motion for attorneys' fees.  These amounts total $194,895.87 in fees and disbursements.

Abasic does not dispute that the Guarantee awards attorneys' fees, or contest that the hourly rate charged by Owner's attorneys is generally reasonable.  Instead, Abasic raises three more specific objections and demands that Owner's fee award be reduced by at least $47,740.85 from the requested amount.  First, Abasic argues that Owner should not recover the full amount billed for what Abasic contends was duplicative and unnecessary briefing during summary judgment.  Second, Abasic contends that Owner's attorneys billed at too high an hourly rate in connection with certain administrative tasks.  Finally, Abasic argues that Owner cannot recover legal costs incurred opposing NTS's appeal of the adversary proceeding, because the prevailing party in that litigation has yet to be determined.

A.   Summary Judgment Briefing

Abasic argues that $68,802 of Owner's fees and expenses was billed for largely duplicative and unnecessary work, and should therefore be reduced by at least half.  In particular, Abasic contends that Owner's cross motion for summary judgment, its motion for summary judgment, and its reply in support of its motion for summary judgment all addressed substantially the same issues, and that Owner's notices of supplemental authority pointed to cases not relevant to the issues in this litigation.

Owner's request for attorneys' fees is reasonable with respect to Owner's summary judgment motions and notice of supplemental authority.  There were two sets of summary judgment motions because, on October 13, 2021, Abasic requested the opportunity to move in advance of the completion of discovery on its defense that any claims under the Guarantee were released during NTS's bankruptcy.  The Court agreed to Abasic's request and later set a schedule for other summary judgment motions.  Moreover, and contrary to Abasic's assertion, Owner's motions each addressed distinct issues: Owner's cross motion focused specifically on Abasic's defense addressed to the release, while its motion for summary judgment addressed its own claims and the remainder of Abasic's defenses.  It was therefore reasonable for Owner's counsel to brief and bill for these motions separately.

Similarly, Owner's reply in support of its motion for summary judgment was not unreasonably duplicative.  It addressed several issues raised for the first time in Abasic's opposition to the motion, including Abasic's expert report, objections to Owner's damages calculation, and the scope of the bankruptcy court's decision regarding NTS's obligations under the Lease.

B.   Administrative Tasks

Abasic also argues that Owner's attorneys inappropriately charged attorney time for various administrative tasks,

including time spent responding to emails, and filing and serving various documents. The reasonable cost of work on these tasks is, of course, recoverable under the Guarantee, which broadly defines legal costs to include the cost of "the services of paralegals, law clerks, and other personnel whose services are charged" in connection with a proceeding to enforce the Guarantee. Here, the amounts charged were reasonable -- most entries to which Abasic objects were billed at the reduced rate charged for work performed by more junior attorneys or paralegals. Moreover, these particular entries account for only a small percentage of Owner's requested award. See Fox, 563 U.S. at 838.

    C.   NTS's Appeal

Abasic seeks to exclude $10,575 in fees and expenses incurred opposing NTS's appeal to the Second Circuit of the bankruptcy court's decision finding NTS liable under the Lease. Abasic argues that recovery of these costs is barred by the Guarantee, which excludes recovery for costs in which NTS or Abasic are the prevailing party, because the prevailing party in the appeal has yet to be determined.

Because Owner's request discounts attorneys' fees by 20%, Owner in fact only requests $8,459.88 in connection with NTS's appeal. This amount is appropriately included in Owner's

request.  The Guarantee allows recovery for legal costs in connection with "any Proceeding . . . arising out of, or relating to the interpretation or enforcement" of the Guarantee or the Lease.  NTS's appeal of a decision finding it liable under the Lease plainly constitutes such a proceeding.  And, although the Guarantee precludes recovery of legal costs for a proceeding "to the extent that [NTS] or [Abasic] are the prevailing party therein," NTS is not the prevailing party -- it lost its case before the bankruptcy court and district court, and its appeal is still pending.  See In re NTS W. USA Corp., 2021 WL 4120676, at *7.  Fees incurred during the proceeding are therefore recoverable.[1]

D.   Additional Fees

Finally, Owner requests $5,624.90 in attorneys' fees incurred since it filed this motion.  This includes fees incurred preparing and submitting a proposed judgment for damages, reviewing NTS's appeal brief, and for preparing the reply in support of its motion for attorneys' fees.  Legal costs incurred in connection with NTS's appeal and the preparation of a proposed judgment fall within the Guarantee's broad definition

---

[1] Should NTS prevail on its appeal, Abasic may be able to bring a motion to recover the attorneys' fees associated with bankruptcy proceedings which it has paid to Owner.  See Fed. R. Civ. P. 60(b)(5).

of Legal Cost, and are therefore appropriately included in Owner's request.

Under New York law, however, legal costs incurred in the process of recovering attorneys' fees are not themselves recoverable unless the fee-shifting agreement contains "unambiguous language providing for the recovery of fees on fees." Batsidis v. Wallack Mgmt. Co., 7 N.Y.S.3d 26, 29 (1st Dep't 2015). Although the Guarantee's fee-shifting language is broad, it contains no explicit language authorizing recovery for fees on fees. Accordingly, Owner's request for attorneys' fees must be reduced by the $3,458 incurred reviewing Abasic's opposition to this motion and preparing the reply, as well as the $8,131.60 billed preparing the initial motion.[2]

## Conclusion

Owner's application of March 18, 2022 for an award of attorneys' fees and costs is largely granted. Owner is awarded $183,296.27 in attorneys' fees and disbursements. The Clerk of Court shall enter judgment for the plaintiff and close the case.

Dated:   New York, New York
         April 27, 2022

_____
DENISE COTE

---

[2] Abasic has not objected to the Owner's request for fees on fees. Nonetheless, because the law does not permit their recovery, they will not be awarded.

United States District Judge