```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
 605 FIFTH PROPERTY OWNER, LLC,          :
                                         :
                         Plaintiff,      :     21cv811 (DLC)
                                         :
            -v-                          :     OPINION AND ORDER
                                         :
 ABASIC, S.A.                            :
                                         :
                         Defendant.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Jay B. Solomon
Belkin Burden Goldman, LLP
1 Grand Central Plaza
60 E. 42nd Street
Ste 16th Floor
New York, NY 10165

For defendant:
Eric Roman
Devon Austin Rettew
Arent Fox LLP (NY)
1301 Avenue of the Americas
Ste Floor 42
New York, NY 10019

James H. Hulme
Arent Fox LLP
1717 K Street NW
Washington, DC 20036

DENISE COTE, District Judge:

On April 8, 2022, plaintiff 605 Fifth Property Owner, LLC ("Owner") was awarded $2,213,009.82 in damages.  On April 27, Owner was awarded $183,296.27 in attorneys' fees.  Defendant

1

Abasic, S.A. ("Abasic") has moved to stay judgment pending appeal.  For the following reasons, Abasic's motion is denied.

## Background

The Court assumes familiarity with the prior Opinions in this case, and summarizes only the facts relevant to this motion.  See 605 Fifth Property Owner, LLC v. Abasic, S.A., No. 21CV00811, 2022 WL 683746 (S.D.N.Y. Mar. 8, 2022) (summary judgment); 605 Fifth Property Owner, LLC v. Abasic, S.A., No. 21CV00811, 2022 WL 1239578 (S.D.N.Y. Apr. 27, 2022) (attorneys' fees).  In January of 2020, Owner signed a commercial lease agreement (the "Lease") with NTS W. USA ("NTS") a subsidiary of Abasic.  At the same time, Owner and Abasic signed a guarantee agreement (the "Guarantee"), under which Abasic unconditionally guaranteed NTS's obligations under the Lease.  Thereafter, NTS declared bankruptcy and made no rental payments.

During bankruptcy proceedings, NTS rejected the Lease, and initiated an adversary proceeding seeking to avoid its obligations under the Lease.  The Bankruptcy Court, however, ruled against NTS in the adversary proceeding, and its ruling was affirmed by the District Court.  See In re NTS W. USA Corp., No. 20CV06692, 2021 WL 4120676 (S.D.N.Y. Sept. 9, 2021).  That decision is currently on appeal before the Second Circuit.  In re NTS W. USA Corp., No. 21-2240.

On February 1, 2021, Owner brought this lawsuit against Abasic, seeking to enforce the Guarantee. On March 8, 2022, Owner was granted summary judgment on its claims. On April 8, judgment was entered against Abasic, awarding Owner $2,213,009.82 in damages. On April 27, Owner was awarded $183,296.27 in attorneys' fees. Abasic filed a notice of appeal the same day. On May 2, Abasic moved to stay both the damages judgment and the attorneys' fee judgment pending appeal pursuant to Fed. R. Civ. P. 62(b).

## Discussion

I.  Rule 62(b)

Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b).[1] The Second Circuit has explained that the

> purpose of the rule is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed. A district court therefore may, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment.

---

[1] In 2018, the Advisory Committee amended and revised the subdivisions of former Rule 62. The Committee moved the supersedeas bond provisions of former Rule 62(d) to Rule 62(b), making "explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62, 2018 Amendments.

3

In re Nassau County Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (citation omitted).

A court may consider the following non-exclusive factors in determining whether to waive the supersedeas bond requirement under Rule 62:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Id. at 417-18 (citation omitted).

Abasic addresses only the three of these factors, insisting that it has easily enough liquidity to cover the judgment at issue. Other considerations, however, weigh against waiver of the supersedeas bond requirement. Collection of the judgment is likely to be difficult, as Abasic is located outside of the United States, and has resisted enforcement of its Guarantee at every stage, frequently with legal arguments firmly foreclosed by applicable authority. See 605 Fifth Property Owner, LLC, 2022 WL 6837426, at *3-4. Additionally, a district court may only waive the requirement to post a supersedeas bond when "the appellant provides an acceptable alternative means of securing

4

the judgment." Id. at 417 (citation omitted); Fed. R. Civ. P. 62(b).  Abasic has proposed no alternative means of securing the judgment.  Accordingly, its request to waive the supersedeas bond requirement is denied.

II.  Stay Pending Appeal

Abasic also argues that a stay is justified under the four-factor test articulated in Nken v. Holder, 556 U.S. 418 (2009). Under the traditional four-factor test, Abasic's request must be denied as well.

A stay "is an intrusion into the ordinary processes of administration and judicial review."  Nken, 556 U.S. at 427 (citation omitted).  The party requesting a stay therefore bears the burden of showing that the circumstances justify the stay. See New York v. U.S. Dep't of Homeland Sec., 974 F.3d 210, 214 (2d Cir. 2020) ("DHS").

The standard for evaluating an application for a stay pending appeal is well established. A court should consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

SEC v. Citigroup Glob. Markets Inc., 673 F.3d 158, 162 (2d Cir. 2012) ("Citigroup") (per curiam) (citation omitted).  The four

5

factors operate as a "sliding scale" where "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors . . . [and] [t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006) (citation omitted). In deciding whether to issue a stay, the first two of the factors listed above "are the most critical." DHS, 974 F.3d at 214.

    A.   Likelihood of Success on the Merits

Abasic has not shown a likelihood of success on the merits of its appeal. Abasic argues that this Court's judgment is likely to be reversed on appeal, because the purpose of the Lease was frustrated, and because Abasic's obligations under the Guarantee were released when NTS's bankruptcy plan was approved. The Court considered these arguments on summary judgment, however, finding that they were not meritorious, and contrary to applicable authority. 605 Fifth Property Owner, LLC, 2022 WL 683746, at *3-5. Abasic has provided no additional argument to suggest that the Court of Appeals will reach a different conclusion.

Abasic also asserts that NTS is likely to succeed on its appeal of the adversary proceeding. Abasic argues that, if NTS

6

succeeds in avoiding its obligations under the Lease, then Abasic will also be relieved of its obligations under the Guarantee. Abasic, however, has provided no explanation or argument as to why NTS is likely to succeed on appeal. Moreover, the success of NTS's appeal is not relevant as a matter of law. As this Court found in its Opinion on summary judgment, an unconditional guarantor may not assert defenses under a guarantee agreement personal to the principal "unless it extends to a failure of consideration for the principal contract." See id. at *3 (quoting Moon 170 Mercer, Inc. v. Vella, 95 N.Y.S.3d 27, 27 (1st Dep't 2019)). Accordingly, even if NTS were relieved of its obligations under the Lease, Abasic will still be held to its obligations under the Guarantee.

    B.   Irreparable Harm

Where "likelihood of success [is] totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay." Uniformed Fire Officers Ass'n v. de Blasio, 973 F.3d 41, 49 (2d Cir. 2020). Even if the other Nken factors were considered, however, they would not support a stay.

To demonstrate irreparable harm such that a stay is necessary, a party must show that it will suffer injury which "cannot be remedied" absent a stay. Grand River Enter. Six

Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (citation omitted). The party seeking the stay has the burden of showing "injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." Dexter 345 Inc. v. Cuomo, 663 F.3d 59, 63 (2d Cir. 2011) (citation omitted).

Abasic argues that it may suffer irreparable injury absent a stay because it would be compelled to pay a judgment that might be reversed. But the payment of a judgment is plainly an injury for which a "monetary award" is "adequate." Id. It does not constitute irreparable harm. Abasic also expresses concern that, if the judgment is reversed, Owner will have already dissipated the money it was awarded, and will be unable to pay it back. But this kind of "remote" and "speculative" concern is insufficient to demonstrate irreparable harm. Grand River Enter. Six Nations, Ltd., 481 F.3d at 66 (citation omitted).

 C. Remaining Factors

Abasic argues that Owner will not be substantially harmed by a stay, because the plaintiff can relet the premises in the meantime. Leasing the premises to other tenants, however, will not compensate the plaintiff for the losses it incurred when Abasic failed to fulfill its obligations under the Guarantee. Moreover, to the extent that Owner's income from other leases

8

has allowed it to mitigate the damages caused by Abasic's breach, that mitigation has already been factored into the damages award. See 605 Fifth Property Owner, LLC, 2022 WL 683746, at *6.

Finally, Abasic argues that the public interest is not implicated by this dispute between two private parties. But the public interest favors the certain and efficient enforcement of unconditional guarantee agreements. Accordingly, Abasic has not shown that a stay pending appeal would be justified.

## Conclusion

Abasic's May 2, 2022 motion to stay judgment pending appeal and waive the requirement to post a supersedeas bond is denied.

Dated:   New York, New York
         May 5, 2022

                                      _____
                                          DENISE COTE
                                      United States District Judge